## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ADAM SMITH, | : | Case No. _3:18-cv-71_____ |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| JENSEN FABRICATING ENGINEERS, | : | |
| INCORPORATED. | : | |
| | : | |
| Defendant. | : | |
| | : | JANUARY 12, 2018 |

## NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT:

Defendant Jensen Fabricating Engineers, Incorporated ("Jensen" or "Defendant"), by its undersigned attorneys, hereby gives notice of the removal of this action from the Superior Court of the State of Connecticut, Judicial District of Hartford at Hartford, to the United States District Court for the District of Connecticut, pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, on the basis that this Court has original federal question jurisdiction under 28 U.S.C. § 1331 because the action raises substantial federal questions and claims that are preempted by federal law. This court has supplemental jurisdiction over any claims over which it does not have original federal question jurisdiction under 28 U.S.C. § 1367(a) because they form part of the same case or controversy as the claims over which the court has original jurisdiction. As grounds for removal, Defendant Jensen states as follows:

1

## I.      INTRODUCTION & FACTUAL BACKGROUND

1.      On December 20, 2017, Plaintiff Adam Smith ("Mr. Smith" or "Plaintiff") filed a Complaint in the Superior Court of Connecticut, Judicial District of Hartford at Hartford, against Jensen.   The lawsuit is styled *Adam Smith v. Jensen Fabricating Engineers, Incorporated,* Docket No. HHD-CV-18-6086419-S.   A copy of the Complaint, Summons, and Return of Service is appended hereto as **Exhibit A**.

2.      In the Complaint, Plaintiff alleges that he suffers from Post-Traumatic Stress Disorder ("PTSD"), is a "qualifying patient" as defined by the Connecticut Palliative Use of Marijuana Act, Conn. Gen. Stat. §§ 21a-408 *et seq.* (the "Act" or "PUMA") who "engages in the palliative use of marijuana to alleviate his symptoms of PTSD," and that Jensen "unlawfully refused to hire/terminated and penalized Plaintiff" solely on the basis of his "qualifying patient status" thereby causing him to sustain alleged damages for lost wages and employment benefits, emotional distress, and other "costs."  (Ex. A, Compl., ¶¶ 2-3, 14-15, 19-21).  Defendant Jensen denies the material allegations of Plaintiff's Complaint.

3.      Despite the claims having been brought under PUMA, marijuana remains illegal under federal law, and the federal government regulates drugs through the Controlled Substances Act, 21 U.S.C. § 811.   Under federal law, marijuana is treated like every other controlled substance, such as cocaine and heroin, and is classified as a Schedule I drug, which means that the federal government views marijuana as highly addictive and having no medical value. Doctors may not "prescribe" marijuana under federal law.

## II.     JENSEN HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

4.      The Superior Court of the State of Connecticut, Judicial District of Hartford at Hartford is located within the Connecticut judicial district, *see* 28 U.S.C. § 86, and venue for this

action is proper in this Court because this federal court is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

5.      Pursuant to 28 U.S.C. § 1446(a), a copy of all process and pleadings served on Jensen in this case are attached hereto as **Exhibit A**.  Moreover, concurrent with the filing of this Notice of Removal, Defendant Jensen is paying the prescribed filing fee, filing proof of filing the Notice with the Clerk of the Superior Court of the State of Connecticut, Judicial District of Hartford, at Hartford (**Exhibit B**) along with proof of service on all adverse parties, and complying with all local rules. Defendant Jensen respectfully gives notice that the above-captioned civil action now pending against it in the Connecticut Superior Court, Judicial District of Hartford is removed therefrom to this Court.

6.      Plaintiff served Defendant Jensen on December 15, 2017.  Therefore, this Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b) in that the Notice of Removal is "filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."

7.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Connecticut Superior Court for the Judicial District of Hartford.

8.      Defendant Jensen reserves the right to amend or supplement this Notice of Removal.  Additionally, if any question arises as to the propriety of the removal, Defendant respectfully requests the opportunity to present a brief and requests oral argument.

### III.   REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL JURISDICTION

9.     This action is removable to federal court under 28 U.S.C. § 1441 (a) because this Court has original federal question jurisdiction under 28 U.S.C. § 1331.

10.     The Court has original federal question jurisdiction because the Complaint presents substantial federal questions as well as claim that are completely preempted by federal law.

11.     Under the "substantial federal question" doctrine, federal question jurisdiction exists when a "state-law claim necessarily raise[s] a stated federal issues, actually disputed and substantial, which a federal form may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc., v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

12.     Removal is proper because, although Plaintiff's claims allege violations of the PUMA, resolving the claims raises a substantial federal question in that the claims are completely preempted by federal law.  That is, Plaintiff alleges that he is protected in his use of marijuana by the PUMA and that Defendant's refusal to hire Plaintiff, who tested positive for use of marijuana, constitutes a violation of the PUMA, which authorizes the affirmative use, sale, possession, cultivation and distribution of medical marijuana in the State of Connecticut.  The same actions, however, are illegal under the federal Controlled Substances Act, 21 U.S.C. §§ 801 *et seq* (the "CSA").  Further, the United States Supreme Court in *Gonzales v. Raich*, 545 U.S. 1, 12-13 (2005) emphasized that authorizing the use of medical marijuana conflicts with the CSA's purpose of preventing "the diversion of drugs from legitimate to illicit channels."

13.     The PUMA's affirmative authorization of medical marijuana is an obstacle to the accomplishment and execution of the purposes and objectives of federal law, including the CSA, the federal Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et* seq. ("ADA"), and the federal Food, Drug and Cosmetic Act of 1938, 21 U.S.C. §§ 301 *et seq.*("FDCA").  Federal law preempts the PUMA under the Supremacy Clause of the United States Constitution and federal court decisions.  Accordingly, because Plaintiff's claims are preempted by federal law, this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

## IV.     CONCLUSION

WHEREFORE, Defendant Jensen respectfully requests the Court remove the above-captioned action now pending against Jensen in the Superior Court of the State of Connecticut, Judicial District of Hartford at Hartford, to the United States District Court for the District of Connecticut, and for any such other and further relief as may be necessary.

RESPECTFULLY SUBMITTED,

THE DEFENDANT,
JENSEN FABRICATING ENGINEERS,
INCORPORATED


By: /s/ Thomas C. Blatchley_____
         Thomas C. Blatchley (Fed. Bar. # ct25896)
         Gordon & Rees Scully Mansukhani LLP
         95 Glastonbury Boulevard, Suite 206
         Glastonbury, CT 06033
         Phone: (860) 494-7525
         Fax: (860) 560-0185
         Email:  tblatchley@grsm.com

## <u>CERTIFICATION</u>

       I hereby certify that on this 12TH day of January, 2018, a copy of the foregoing Notice of Removal was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filings.  Parties may access this filing through the Court's CM/ECF System. I further certify that a copy of this filing was sent via regular U.S. Mail, postage prepaid, and email as follows:

       Megan L. Michaud, Esq.
       Cicchiello & Cicchiello, LLP
       364 Franklin Avenue,
       Hartford, CT 06114
       mmichdaud@cicchielloesq.com

                                          /s/ Thomas C. Blatchley_____
                                          Thomas C. Blatchley

# EXHIBIT A

**SUMMONS - CIVIL**
JD-CV-1  Rev. 10-15
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
*www.jud.ct.gov*

See other side for instructions

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* *(C.G.S. §§ 51-346, 51-350)* | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 95 Washington Street, Hartford, CT 06106 | ( 860 ) 548-2700 | January 9, 2018 |

| ☒ Judicial District | ☐ G.A. | At *(Town in which writ is returnable)* *(C.G.S. §§ 51-346, 51-349)* | Case type code *(See list on page 2)* |
|---|---|---|---|
| ☐ Housing Session | Number: | Hartford | Major: M    Minor: 90 |

For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(to be entered by attorney only)* |
|---|---|
| Cicchiello & Cicchiello, LLP, 364 Franklin Avenue, Hartford, CT 06114 | 419987 |

| Telephone number *(with area code)* | Signature of Plaintiff *(if self-represented)* |
|---|---|
| ( 860 ) 296-3457 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | ☒ Yes  ☐ No | Email address for delivery of papers under Section 10-13 *(if agreed to)* mmichaud@cicchielloesq.com |
|---|---|---|

| Number of Plaintiffs: 1 | Number of Defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|
| First Plaintiff | Name:  Adam Smith  Address: 138 North School Street, Manchester, CT | P-01 |
| Additional Plaintiff | Name:  Address: | P-02 |
| First Defendant | Name:  Jensen Fabricating Engineers, Incorporated 555 Wethersfield Road, Berlin, CT 06037  Address: AGENT: Kurt T. Jensen, 555 Wethersfield Road, Berlin, CT 06037 | D-01 |
| Additional Defendant | Name:  Address: | D-02 |
| Additional Defendant | Name:  Address: | D-03 |
| Additional Defendant | Name:  Address: | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at *www.jud.ct.gov* under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at *www.jud.ct.gov* under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed *(Sign and "X" proper box)* | ☒ Commissioner of the Superior Court  ☐ Assistant Clerk | Name of Person Signing at Left MEGAN L. MICHAUD | Date signed 12/11/2017 |
|---|---|---|---|

| If this Summons is signed by a Clerk: | | For Court Use Only |
|---|---|---|
| a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts. | | File Date |
| b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law. | | |
| c. The Clerk is not permitted to give any legal advice in connection with any lawsuit. | | |
| d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | | |

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date | Docket Number |
|---|---|---|---|

(Page 1 of 2)

RETURN DATE:  JANUARY 9, 2017      :      SUPERIOR COURT

                                       :

ADAM SMITH                            :      JUDICIAL DISTRICT

                                       :

VS.                                     :      OF HARTFORD

                                       :

JENSEN FABRICATING ENGERNEERS,   :

INCORPORATED                      :      DECEMBER 11, 2017

## COMPLAINT

**COUNT ONE:**    **FAILURE TO HIRE ON THE BASIS OF PALLIATIVE MARIJUANA USE IN VIOLATION OF CONN. GEN. STAT. § 21a-408p(b)(3)**

1.    Plaintiff, Adam Smith, was at all times mentioned herein a resident of the Town of Manchester, State of Connecticut.

2.    Plaintiff suffers from Post-Traumatic Stress Disorder ("PTSD"), a debilitating medical condition as defined by Conn. Gen. Stat. § 21a-408(2), and/or other qualifying debilitating medical conditions.

3.    Plaintiff is a qualifying patient as defined by Conn. Gen. Stat. § 21a-408(15), and engages in the palliative use of marijuana to alleviate his symptoms of PTSD and such palliative use is in accordance with that term's definition as reflected in Conn. Gen. Stat. §21a-408(11).

4.    Defendant, Jensen Fabricating Engineers, Incorporated is a corporation organized under the laws of the State of Connecticut with a business address of 555 Wethersfield Road, Berlin, CT 06037.

5.    On or around October 11, 2017, Plaintiff was offered a position with the Defendant as an Assembler.

6.    On or about October 12, 2017, Plaintiff picked up all the employment documents from the Defendant and was told he would have to go for a drug test.

7.     On October 12, 2017, Plaintiff went to do the drug screening and failed due to marijuana in his system.

8.     Plaintiff informed the doctor and drug screen facility that he had a medical marijuana card and their response was that they did not care. Plaintiff offered his card to the doctor and screening facility to make a copy and an employee of the drug screen facility commented "the stoner wants to get a job."

9.     On October 10, 2017, Plaintiff received a call from the direct foreman Lewis (last name unknown) that there must be a problem because Plaintiff can't start and needs to call human resources.

10.    Plaintiff left a message with Katie Hurster of Human Resources asking to speak with her about having the position revoked due to his status as a medical marijuana patient.

11.    Katie Hurster left Plaintiff a message on October 20, 2017 stating she was getting in touch with an Attorney.

12.    Hurster the called Plaintiff back on October 26, 2016 stating they were sticking

13.    At all relevant times Plaintiff was qualified for the position with the Defendant.

14.    Defendant unlawfully refused to hire/terminated and penalized Plaintiff solely on the basis of his status as a qualifying patient as defined by Conn. Gen. Stat. §21a-408 et seq.

15.    As a result of Defendant's unlawful conduct, as aforesaid, Plaintiff has been denied the opportunity of gainful employment, has sustained damages for lost wages and employment benefits, has been caused considerable emotional distress, and has incurred costs in order to secure the rights to which he is entitled.

2

**COUNT TWO:**     IN THE ALTERNATIVE, FAILURE TO HIRE IN VIOLATION OF
PUBLIC POLICY VS. INTEGRITY STAFFING SOLUTIONS, INC.

1.     Paragraphs 1 through 15 of Count One are hereby repeated and re-alleged as Paragraphs 1 through 15 of this Count Two as if full set out herein.

19.     Defendant refused to hire/terminated and penalized Plaintiff solely on the basis of his status as a qualifying patient as defined by Conn. Gen. Stat. §21a-408 *et seq.*

20.     Such refusal to hire Plaintiff constitutes a violation of the public policy against discriminating against persons for the lawful and palliative use of marijuana to alleviate symptoms of a debilitating medical condition as embodied in Conn. Gen. Stat. §21-498p(b)(3).

21.     As a result of Defendant's unlawful conduct, as aforesaid, Plaintiff has been denied the opportunity of gainful employment, has sustained damages for lost wages and employment benefits, has been caused considerable emotional distress, and has incurred costs in order to secure the rights to which he is entitled.

THE PLAINTIFF,
ADAM SMITH

By:

Megan L Michaud, Esq.
CICCHIELLO & CICCHIELLO LLP
364 Franklin Avenue
Hartford, CT 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Juris: 419987
Email: mmichdaud@cicchielloesq.com

3

RETURN DATE:  JANUARY 9, 2017   :  SUPERIOR COURT

            :

ADAM SMITH         :  JUDICIAL DISTRICT

            :

VS.             :  OF HARTFORD

            :

JENSEN FABRICATING ENGERNEERS, :

INCORPORATED       :  DECEMBER 11, 2017

## PRAYER FOR RELIEF

  WHEREFORE, Plaintiff prays for the following relief:

1.  Money damages for lost wages and deprivation of employment benefits;

2.  Reinstatement or front pay;

3.  Costs of this action; and

4.  All other awardable relief.

        THE PLAINTIFF,
        JACQUELINE TINNEY

        By:
        Megan L. Michaud, Esq.
        CICCHIELLO & CICCHIELLO LLP
        364 Franklin Avenue
        Hartford, CT 06114
        Tel: (860) 296-3457
        Fax: (860) 296-0676
        Juris: 419987
        Email: mmichdaud@cicchielloesq.com

4

RETURN DATE:  JANUARY 9, 2017            :            SUPERIOR COURT
                                         :
ADAM SMITH                               :            JUDICIAL DISTRICT
                                         :
VS.                                      :            OF HARTFORD
                                         :
JENSEN FABRICATING ENGERNEERS,           :
INCORPORATED                             :            DECEMBER 11, 2017

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand is in excess of $15,000.00, exclusive of interest and costs.

THE PLAINTIFF,
ADAM SMITH

By
Megan L. Michaud, Esq.
CICCHIELLO & CICCHIELLO LLP
364 Franklin Avenue
Hartford, CT 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Juris: 419987
Email: mmichdaud@cicchielloesq.com

5

STATE OF CONNECTICUT:
: ss: BERLIN          DECEMBER 15, 2017
COUNTY OF HARTFORD  :

      Then and by virtue hereof, and by direction of the Plaintiff's Attorney, I left a verified true and attested copy of the original WRIT, SUMMONS, COMPLAINT, PRAYER FOR RELIEF AND STATEMENT OF AMOUNT IN DEMAND, with and in the presence of SVEN SWANSON, ENGINEER and accepting for the within named defendant **JENSEN FABRICATING ENGINEERS, INCORPORATED, 555 WETHERSFIELD ROAD,** in the said town of BERLIN, County of Hartford.

      The within is the original WRIT, SUMMONS, COMPLAINT, PRAYER FOR RELIEF AND STATEMENT OF AMOUNT IN DEMAND, with my doings thereon endorsed.

| | |
|---|---|
| Verified pages | $ 6.00 |
| Endorsements | 1.60 |
| Service | 40.00 |
| Travel | 16.00 |
| | ----------- |
| Total | $63.60 |

ATTEST

KEITH NIZIANKIEWICZ
CT STATE MARSHAL
HARTFORD COUNTY

# EXHIBIT B

| DOCKET NO.: HHD-CV18-6086419-S | : | SUPERIOR COURT |
|---|---|---|
| | : | |
| ADAM SMITH, | : | |
| | : | JUDICIAL DISTRICT OF HARTFORD |
| Plaintiff, | : | AT HARTFORD |
| | : | |
| v. | : | |
| | : | |
| JENSEN FABRICATING ENGINEERS, | : | |
| INCORPORATED | : | |
| | : | JANUARY 12, 2018 |
| Defendant. | | |

## <u>NOTICE OF FILNG OF NOTICE OF REMOVAL</u>

PLEASE TAKE NOTICE that on this 12th day of January, 2018, Defendant, JENSEN FABRICATING ENGINEERS, INCORPORATED, duly filed in the United States District Court for the District of Connecticut, a Notice of Removal of this action to such court from the Superior Court of the State of Connecticut, Hartford, Connecticut, pursuant to 28 U.S.C. §§ 1331, 1367 and 1441 and thereby removed this action to federal court.

Pursuant to 28 U.S.C. § 1446(d), this state action shall proceed no further. A copy of the Notice of Removal is attached hereto as **<u>Exhibit A</u>**.

DEFENDANT,
JENSEN FABRICATING ENGINEERS,
INCORPORATED


By _____ */s/ Thomas C. Blatchley* _____
        Thomas C. Blatchley
        Shannon M. Walsh
        Gordon & Rees Scully Mansukhani LLP
        95 Glastonbury Boulevard, Suite 206
        Glastonbury, CT 06033
        Phone: 860-494-7525
        Fax: 860-560-0185
        Email: tblatchley@grsm.com
        Email: swalsh@grsm.com

## CERTIFICATION

      This certifies that on this 12th day of January, 2018 a copy of the foregoing was sent by email and mail, postage prepaid, and by electronic mail to the following counsel of record:

Megan L. Michaud, Esq.
Cicchiello & Cicchiello LLP
364 Franklin Avenue
Hartford, CT 06114
mmichdaud@cicchielloesq.com


                                _/s/ Thomas Blatchley_
                                     Thomas Blatchley