UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ADAM SMITH, | : <br> : <br> : Case No. 3:18-cv-00071-JAM <br> : <br> : <br> : <br> : <br> : <br> : <br> : FEBRUARY 6, 2018 |
| Plaintiff, | |
| v. | |
| JENSEN FABRICATING ENGINEERS, INCORPORATED. | |
| Defendant. | |

### DEFENDANT'S RESPONSE TO ORDER TO SHOW CAUSE AND CONSENT TO REMAND

Defendant Jensen Fabricating Engineers, Incorporated ("Jensen") respectfully submits the following response to the Court's Order to Show Cause (Doc. 7).

On January 12, 2018 Defendant removed this matter to the United States District Court for the District of Connecticut pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446.  In good faith belief, Defendant asserted that this Court has original federal question jurisdiction under 28 U.S.C. §1367(a) because the action raises substantial federal questions and claims under federal law. Defendant maintains that Plaintiff's claim for relief pursuant to the Connecticut Palliative Use of Marijuana Act, Conn. Gen. Stat. §§ 21a-408 *et seq*. ("PUMA") raised a substantial federal question in that the conduct upon which plaintiff seeks relief is preempted pursuant to federal law; namely, that Plaintiff's use of an illegal drug, marijuana (a Schedule I controlled substance), cannot form a basis of relief. Moreover, Defendant maintains that Plaintiff's action generally alleges that he was denied an employment opportunity as a result of his treatment for a mental disability and, as plead, is truly a disability discrimination claim. Additionally, the purported state law claim is premised on a statute which provides no express private right of action. *See*

1

§21a-408p(b)(3). Thus, Plaintiff's claim is completely preempted by the federal Americans with Disabilities Act ("ADA") because, according to the complete preemption doctrine, "a plaintiff's state cause of action may be recast as a federal claim for relief" and removal by the Defendant based on this doctrine is a proper basis for federal question jurisdiction. *See Wurtz v. Rawlings Co., LLC*, 761 F.3d 232, 238-39 (2d Cir. 2014).

Regardless, after further consideration and with the consent of Plaintiff's counsel, Defendant consents to remanding this matter back to the Superior Court of the State of Connecticut, Judicial District of Hartford at Hartford.

Respectfully submitted this 6th day of February, 2018.

>	DEFENDANT,
>	JENSEN FABRICATING ENGINEERS
>
>	By: /s/Thomas C. Blatchley
>	Thomas C. Blatchley, Esq.
>	Shannon M. Walsh, Esq.
>	Gordon & Rees Scully Mansukhani, LLP
>	95 Glastonbury Boulevard, Suite 206
>	Glastonbury, CT 06033
>	Phone: 860-494-7525
>	Fax: 860-560-0185
>	tblatchley@grsm.com
>	swalsh@grsm.com

## **CERTIFICATION**

  I hereby certify that on this 6th day of February, 2018, a copy of the foregoing Notice of Service was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filings. Parties may access this filing through the Court's CM/ECF System.


              */s/ Shannon M. Walsh*_____
              Shannon M. Walsh